IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 06-4884 SI<br><br>**ORDER GRANTING COUNTIES' MOTION TO INTERVENE** |

This order addresses a motion to intervene as defendants filed by Kern County, San Bernadino County, Imperial County (all in California), and the Quadstate County Government Coalition[1] (collectively, "the Counties"). Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument. For the reasons set forth below, the Court GRANTS the motion.

## DISCUSSION

The Counties seek full party status for both the liability and remedy phases of this action, and seek intervention as a matter of right under Federal Rule of Civil Procedure 24(a), or alternatively permissively under Rule 24(b). Plaintiffs do not object to the Counties' intervention in this action, but

---

[1] According to the declaration of Gerald Hillier, the Quadstate County Government Coalition "was organized as a multi-state joint powers authority in 1998 over concerns regarding land management and land use planning associated with the Mojave Population of the desert tortoise. Its members are seven (7) counties within the four-State region that contains identified desert tortoise habitat, including critical habitat: California's Imperial, Kern and San Bernadino Counties; Mohave County, Arizona; Lincoln and Nye Counties in Nevada; and Washington County, Utah." Hillier Decl. ¶ 3.

seek to limit their participation to amici on the liability phase of this action. Defendants have filed a statement of non-opposition to the motion.

Rule 24(b)(2) provides that on timely application the Court may allow a non-party to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. Proc. 24(b)(2). "The language of the rule makes clear that if the would be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, intervention under Rule 24(b)(2) must be denied. But, if there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002).

The Court exercises its discretion and concludes that the Counties should be granted permissive intervenor status. The Counties' motion is timely, as it was filed only three months after this case was filed. The Counties' proposed defenses of plaintiffs' claims share common questions of law and fact with the main action. Plaintiffs concede that if they prevail in this action, the Counties may have interests that could be directly affected by the timing and scope of the remedies provided. *See* Pl's Oppo. at 6. As set forth in the Counties' motion and supporting declarations, the Counties participated as cooperating and consulted agencies in the land-use planning processes that resulted in the WEMO and NECO. In addition, the Counties assert that a finding in this case that the WEMO EIS is inadequate could have repercussions for San Bernadino and Kern Counties regarding those counties' compliance with CEQA.

Plaintiffs do not address permissive intervention, and instead focus on why the Counties do not meet the requirements for intervention as a matter of right under Rule 24(a). In light of the disposition of the Counties' motion, the Court need not reach these contentions. For the foregoing reasons, the Court GRANTS the Counties' motion to intervene. (Docket No. 32).

**IT IS SO ORDERED.**

Dated: January 11, 2007

SUSAN ILLSTON
United States District Judge

3