IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

CHARLES R. SHOCKEY, Attorney (D.C. Bar No. 914879)
Natural Resources Section
Sacramento Field Office
Environment and Natural Resources Division
United States Department of Justice
501 "I" Street, Suite 9-700
Sacramento, CA 95814-2322
Telephone:   (916) 930-2203
Facsimile:   (916) 930-2210
Email:       charles.shockey@usdoj.gov

Attorneys for Federal Defendants

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br>     Plaintiffs, <br>     v. <br> U.S. BUREAU OF LAND MANAGEMENT, *et al.*, <br>     Federal Defendants, and <br> KERN COUNTY, CALIFORNIA, *et al.*, <br>     Intervenor-Defendants. | Case No. 3:06 CV-04884 SI <br><br> FEDERAL DEFENDANTS' <br> REQUEST FOR SITE VISIT <br><br> Date:      September 3, 2010 <br> Time:     10:00 a.m. <br> Courtroom: 10, 17th Floor <br> Judge:    Hon. Susan Illston |

The court has set this case for hearing on September 3, 2010, for argument on plaintiffs' Motion for Partial Vacatur and Injunctive Relief (Doc. 185). Federal defendants are filing their response to that motion today.

Federal defendants formally request that the court conduct a judicial view and site visit, accompanied by counsel and representatives of the parties, to view the principal areas of the Western Mojave area at issue in connection with the briefing on an appropriate remedy. The four areas that the federal defendants propose to have the court visit are Juniper Flats, Wonder Valley, Edwards Bowl, and the Rand Mountains.

As a general matter, a trial court has the discretion to conduct an on-site visit to view a geographic area or physical setting in contention. This general rule allowing judicial site visitation may be limited, however, by the requirements that (1) there be a physical limitation preventing evidence from the site from being properly presented in a courtroom and (2) all parties are notified and invited to partake in the site visit with the judge. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1266-67 (9th Cir. 2001).

The federal defendants submit that a judicial site visit in the present case not only would be appropriate, but also is likely to benefit the court greatly in its ability to understand the evidence presented by all parties.  The extensive evidence already filed in support of the parties' respective briefs, along with further evidence to be filed by the intervenor-defendants and the plaintiffs' reply briefs, consists primarily of declarations, photographs, documents, and maps. This evidence, while probative, cannot fully and fairly portray for the court the land use and resources at issue concerning off-highway vehicle (OHV) use in the Mojave Desert.  As in *Clicks Billiards*, the court may visit a site at issue if physical limitations prevent the evidence from being presented in a courtroom. *Clicks Billiards* at 1266-67.  Here, there obviously are significant physical limitations on the parties' ability to present both the effects of OHV use and ongoing restoration efforts within the confines of a courtroom in downtown San Francisco.

The federal defendants believe that a site visit will best provide this court with a sound and more complete understanding of the issues in this case.  A judicial viewing of the contested sites would help explicate the status of OHV use and its impacts on the Mojave Desert of concern to the plaintiffs and also to enable the defendants to explain the nature of restoration work that is being undertaken.

The federal defendants have identified four principal areas that they believe should be included in the visit.  The plaintiffs and intervenor-defendants may wish to propose additional areas or resources, as well.  A comprehensive site visit could be conducted in two full days, with court personnel arriving at the Ontario, California airport on the morning of the first day.  The Bureau of Land Management would provide large two government vehicles (accommodating approximately 8-10 persons each) and drivers to escort representatives of the court, the plaintiffs,

the intervenor-defendants, and BLM to the four sites. One possible scenario would include a visit to the Edwards Bowl and Rand Mountains on the first day, returning to Barstow, California, for lodging on that evening, then traveling to Juniper Flats and Wonder Valley on the second day, before returning to Ontario Airport that afternoon or evening. The visit could be conducted after the plaintiffs file their reply briefs on July 30, 2010, and before the September 3, 2010, hearing date or, alternatively, following the hearing.

In proposing this site visit, the federal defendants recognize that the court must balance the potential disadvantages of time and expense against the advantages of a comprehensive site visit when deciding whether the visit is appropriate. The federal defendants believe that the benefits associated with a site visit of the disputed areas in controversy in this case are likely to assist the court in understanding the issues and outweigh the potential disadvantages. Accordingly, the federal defendants submit that it would be in the interest of judicial fairness and authorized by consistent with Ninth Circuit case law to conduct a judicial site in this case.

Dated: June 18, 2010    Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Charles R. Shockey*

CHARLES R. SHOCKEY, Attorney (DC Bar No. 914879)
U. S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 "I" Street, Suite 9-700
Sacramento, CA 95814-2322
Tel: 916-930-2203 / Fax: 916-930-2210
Email: charles.shockey@usdoj.gov
Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2010, I electronically filed the "Federal Defendants' Request for Site Visit" with the Clerk of Court using the CM/ECF system, which automatically sends email notification to the attorneys of record.

*/s/ Charles R. Shockey*

CHARLES R. SHOCKEY